IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>RAMIRO GARCIA HERNANDEZ,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:11-CR-822-TC |

Defendant Ramiro Garcia Hernandez has moved to suppress certain statements that he

made to police officers on August 22, 2011.  Mr. Hernandez claims that these statements were

taken in violation of his rights guaranteed by Miranda v. Arizona, 384 U.S. 436 (1966).  Because

the court finds that Mr. Hernandez did not invoke his right to remain silent and, moreover, that

he knowingly waived his rights when he responded to the police officers' questions, the court

DENIES the Motion to Suppress (Dkt. No. 29).

BACKGROUND[1]

On August 22, 2011, Mr. Hernandez was driving south on Redwood Road in West Valley

City, Utah, when narcotics officers stopped his truck a few blocks from the Rancho Market.  Mr.

Hernandez was taken into custody and driven to an apartment complex in Salt Lake City.  At this

---

[1]The parties agreed that these facts were accurate in a written stipulation that they
submitted to the court during the March 12, 2012, hearing on this motion.  Additionally, the court
has carefully reviewed the audio recording of the statements in question as well as the translation
accompanying that recording, entered as Exhibit 1 in this case.

time, the law enforcement authorities began to question Mr. Hernandez.  The authorities recorded

the entirety of their interview, the relevant portion of which is copied here[2]:

TASK1:      You have the right to remain silent.  *Okay*?  Anything that you say
            now can be used against you in a court.  You have the right to talk
            to a lawyer and to have, have him present during this interview.  If
            you can't pay for a lawyer, one can be provided for you, so that, to
            re-represent you before any question.  Do you understand your
            rights?  Yes or no?

RH:         Yes.

TASK1:      Yes?

RH:         Yes.

TASK1:      Uh, are you willing to uh, talk to us, now, without a lawyer?  No.
            Do you want to talk to us?

TASK2:      In order to, in order to, in order to say what is happening.  I am
            going to explain what is happening.  How we can help you, what is
            going to happen.  I have questions about what you know, all that.
            Do you want to talk to us, about what's happening?  What is going
            to happen and all that?  Yes or no?

            [Rattling]

RH:         But no . . . It's that . . . How–?

TASK1:      Right now we are just going to talk like men.  That's it.

RH:         But either way, I have to go to jail, right?

TASK2:      Well, we are going to . . .you . . . .  We are going to talk about all
            of that.  About what is going to happen–

---

[2]The parties have agreed that this translation is accurate.  Roman type reflects dialogue in
Spanish, italics reflect dialogue in English.  RH is the defendant, Mr. Hernandez.  JB is Detective
Jerrid Barney, who supervised the investigation.  The two officers who questioned Mr.
Hernandez in Spanish are referred to as TASK1 and TASK2.

| | |
|---|---|
| RH: | [OV] But if [UI] |
| TASK2: | –what could happen.  *Okay*?  What you know.  *Okay*– |
| RH: | Well . . . |
| TASK2: | All of that.  Do you want to talk with us?  If–if you say, "I don't want to talk about that," well then it's, it's fine. |
| JB: | *Ask him*– |
| TASK2: | Do you want to talk?  Yes? |
| JB: | *Ask him some questions.  He understands that, what you told him.* |
| TASK2: | Do you understand what is happening right now?  Do you understand? |
| RH: | Well, yeah, that you're going to take me to jail. |
| TASK2: | No-o-o.  Maybe yes, maybe no.  Do you understand what is happening with this investigation, right now?  Do you understand that we, right now–you saw.  We entered into the house.  Yes?  Do you believe me that–when I tell you, "We entered into the other house that is on 38th, yes or no?  Do you believe me?  Do you believe me, yes or no? |
| RH: | Yes, I believe. |
| TASK2: | *Okay.* |
| RH: | Well, whatever you say, then it is. |

(Tr. at 5-7.)  This interchange began a long series of questions going to the substance of the case.

It is the responses to those questions that Mr. Hernandez now seeks to suppress.

## ANALYSIS

When a defendant indicates "in any manner, at any time prior to or during questioning,

that he wishes to remain silent, the interrogation must cease."  Miranda v. Arizona, 384 U.S. 436,

474 (1966).  But the defendant must unambiguously invoke his right to remain silent.  See

3

Berghuis v. Thompkins, 130 S. Ct. 2250, 2260 (2010) (explaining why there is "good reason to require an accused who wants to invoke his or her right to remain silent to do so unambiguously).

Mr. Hernandez claims that he invoked this right at two distinct points. First, after Officer 1[3] asked Mr. Hernandez, "Uh, are you willing to uh, talk to us, now, without a lawyer?", Officer 1 responded to Mr. Hernandez's silence by continuing, "No. Do you want to talk to us?" (Tr. at 6.) Mr. Hernandez claims that Officer 1's statement "No" is a verbalization of Mr. Hernandez's apparent answer to Officer 1's first question. But this word is barely audible in the recording, and certainly does not rise to the level of an unambiguous invocation of Miranda by Mr. Hernandez.

Second, Mr. Hernandez claims that he unambiguously invoked his rights in response to Officer 2's question, "Do you want to talk to us, about what's happening? What is going to happen and all that? Yes or no?" (Id.) Mr. Hernandez answered Officer 2 by stating, "But no . . . It's that . . . How–?" (Id.) Mr. Hernandez claims that at this point, the officers should have ceased their questioning. But the court finds that Mr. Hernandez's vague and rambling statement cannot constitute an unambiguous invocation of Miranda as required by the Supreme Court in Berghuis. Mr. Hernandez appears to be engaging with the officers at this point, perhaps in an attempt to ascertain how he can help himself. Shortly after these statements occur, Officer 2 reiterates that if Mr. Hernandez says, "'I don't want to talk about that,' well then it's, it's fine." (Id.) Mr. Hernandez is silent in response to Officer 2's statement.

Under these circumstances, the court finds that Mr. Hernandez did not invoke his right to remain silent.

---

[3]The court will refer to TASK1 as Officer 1 and TASK2 as Officer 2.

Mr. Hernandez argues that, even if he did not invoke his right to remain silent, he never waived that right.  But under the Supreme Court's ruling in <u>Berghuis</u>, a defendant's waiver of his <u>Miranda</u> rights need not be express.

> An "implicit waiver" of the "right to remain silent" is sufficient to admit a suspect's statement into evidence. [<u>North Carolina v. Butler</u>, 441 U.S. 369, 376 (1979).] <u>Butler</u> made clear that a waiver of <u>Miranda</u> rights may be implied through "the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver."  441 U.S. at 373.

<u>Berghuis</u>, 130 S. Ct. at 2261.  As in <u>Berghuis</u>, the officers in this case read Mr. Hernandez his <u>Miranda</u> rights and Mr. Hernandez stated that he understood those rights.  But in <u>Berghuis</u>, the defendant remained silent for almost three hours after the officers gave him his <u>Miranda</u> warnings before he responded to one of the officer's questions.  In this case, Mr. Hernandez began answering the officers' questions within minutes after the start of the interrogation.  Given that the Supreme Court found that the defendant in <u>Berghuis</u> had implicitly waived his <u>Miranda</u> rights by responding to questioning after hours of silence, the court finds that Mr. Hernandez also implicitly waived his rights by engaging with the police only minutes after his initial hesitation.

## ORDER

Based on the reasons set forth above, Mr. Hernandez's Motion to Suppress (Dkt. No. 29) is DENIED.

SO ORDERED this 25th day of April, 2012.

BY THE COURT:

_Tena Campbell_
TENA CAMPBELL
U.S. District Court Judge